Charles Elliott Anderson Jr.
1205 California Ave. #2
Las Cruces, NM. 88001
575-300-3833

thankyoulord2019@gmail.com

**MEMO ENDORSED**

Application GRANTED. Petitioner has until **October 16, 2025** to submit briefing on this appeal. The Clerk of Court is directed to terminate ECF No. 10.

SO ORDERED.

*Jessica Clarke*

JESSICA G. L. CLARKE
United States District Judge
Dated: July 21, 2025
       New York, New York

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

---

CHARLES ELLIOTT ANDERSON JR.,

District Court Appeal No. 25-cv-5045-(JGLC)

    Appellant,

(Bankr. Case No. 22-22608-(JLG)(DOC 124,128)

    v.

PATRICK J. BARTELS, JR., PLAN ADMINISTRATOR, et al.,

    Appellees.

---

**MOTION FOR RECONSIDERATION OF BRIEFING SCHEDULE AND REQUEST FOR EXTENSION OF TIME TO FILE APPELLATE BRIEF**

Comes now Petitioner, Charles Elliott Anderson Jr., the Appellant in the above-captioned appeal, proceeding pro se, hereby respectfully request this Honorable Court, pursuant to Federal Rule of Bankruptcy Procedure


(1)

8010(c)(2) and Federal Rule of Civil Procedure 59(e) (made applicable by Federal Rule of Bankruptcy Procedure 9023), for reconsideration of the briefing schedule set forth in the Court's Order dated June 27, 2025 (District Court ECF No. 5), (timely filed as of Federal Holiday delay in mail) and for an extension of time to file the opening appellate brief. In support of this Motion, Petitioner humbly states as follows:

**I. JURISDICTION**

1. This Court has jurisdiction to hear this bankruptcy appeal pursuant to 28 U.S.C. § 158(a). This motion for reconsideration and extension of time is properly before this Court pursuant to Federal Rule of Bankruptcy Procedure 8010(c)(2), which grants the District Court the authority to extend the time for filing briefs for "good cause shown."

**II. BACKGROUND**

2. On June 4, 2025, Petitioner filed his Notice of Appeal (Bankruptcy ECF No. 128) from the Bankruptcy Court's Memorandum Decision and Order Denying Motion for Reconsideration (Bankr. ECF No. 124, filed 05/25/2025), in the underlying bankruptcy case, In re: Branded Operations Holdings Inc., et al., Case No. 22-22608-(JLG). This appeal was subsequently docketed in this Honorable Court under Case Number 25-cv-5045-(JGLC) on June 16, 2025.

3. On June 27, 2025, this Honorable Court issued an Order (District Court ECF No. 5) setting a briefing schedule that requires Appellant to file his opening appellate brief within 30 days, establishing a deadline of July 27, 2025. This Order explicitly adopted the briefing schedule provided in the Federal Rules of Bankruptcy Procedure, specifically Rule 8018, and stated that it was "not excused."

**III. ARGUMENT**

4. Appellant respectfully submits that adherence to this 30-day deadline, under the unique and extraordinary circumstances of this appeal, will severely prejudice Appellant's ability to present a full and fair appeal. Good cause for an extension exists, as detailed below:

  a. **Appellant's Pro Se Status and Documented Mental Disability:** Petitioner is proceeding pro se, without legal counsel. As a mentally handicapped disabled adult (Physician Letter attached as Exhibit B to Appellant's Motion for Court Order Authorizing Production of Transcripts, filed July 3, 2025, District Court ECF No.6), navigating the intricate Federal Rules of Appellate Procedure and the voluminous, complex record of a major Chapter 11 bankruptcy appeal presents significant challenges within a 30-day timeframe. This status warrants judicial solicitude and a reasonable extension to ensure due process.

  b. **Critical Transcripts Are Essential and Currently Unavailable:** Precise citation to the record, including hearing transcripts, is indispensable for effective appellate advocacy. Appellant formally ordered transcripts for



three crucial Bankruptcy Court hearings (November 14, 2024 (Bankr. ECF No. 4786); March 20, 2025 (Bankr. ECF No. 3960, 56); May 22, 2025 (Bankr. ECF No. 124)) from eScribers (Order References BKNYSD04848, BKNYSD04849, BKNYSD04850). However, eScribers has explicitly informed Appellant that they will **not proceed with transcript production without a specific Court Order authorizing payment** (eScribers emails dated June 19, 2025, June 24, 2025, and June 26, 2025, attached as Exhibit A, -A-4 to Appellant's pending Motion for Court Order Authorizing Production of Transcripts). Appellant has filed a **Motion for Court Order Authorizing Production of Transcripts Under In Forma Pauperis Status** with this Court on July 3, 2025 (District Court ECF No.4), and is awaiting a ruling. Without these transcripts, which are outside Appellant's control, a complete and accurate brief cannot be filed.

   c. **Crucial Discovery Is Being Withheld:** To fully prosecute this appeal, Appellant requires specific financial and administrative information uniquely held by Appellees (Plan Administrator, PI Trustee, and Kroll). Appellant sent a formal email demand for this information on June 24, 2025 (attached as Exhibit A to Appellant's pending Motion to Compel Discovery). As of July 3, 2025, Appellees have **failed to provide any of the requested information or a substantive response to the demand**, despite the critical nature of the information for appellate review.
   Appellant filed a **Motion to Compel Discovery** with this Court on July 3, 2025 (District Court ECF No. 7), and is awaiting a ruling. The unresponsiveness of Appellees, who have withheld this information for over 90 days since Appellant's initial requests (e.g., April 15, 2025 email, ECF 83, Pg 5), significantly impedes Appellant's ability to prepare a comprehensive brief.

   d. **Immense Complexity and Volume of the Underlying Bankruptcy Case:** The underlying Chapter 11 bankruptcy proceedings (Case No. 22-22549, now jointly administered as 22-22608) are of staggering complexity, involving **78+ Debtors** (Bankr. ECF No. 1954, Pgs 5-7), a vast and intricate corporate structure, and hundreds of millions in disputed funds and fees. Thorough review and analysis of this extensive record (hundreds of ECFs) are simply impossible for a pro se litigant within a 30-day timeframe.

   e. **Developing Complex Legal Arguments:** This appeal involves substantial legal questions at the forefront of bankruptcy law, including the impact of the Supreme Court decision in *Harrington v. Purdue Pharma L.P.*, 603 U.S. 204 (2024), concerning non-consensual third-party releases, and arguments related to equitable administration. Developing and thoroughly articulating these arguments requires significant time for research and drafting.

5. The 30-day deadline imposed by the Court, while standard, is wholly insufficient under these extraordinary circumstances. It effectively denies Appellant his Fifth Amendment right to due process by precluding a meaningful opportunity to be heard on appeal. Forcing a brief without the necessary record (transcripts, compelled discovery) will result in a deficient filing, ultimately wasting precious judicial resources and perpetuating injustice.

**IV. CONCLUSION**

WHEREFORE, Petitioner Charles Elliott Anderson Jr. respectfully requests that this Honorable Court reconsider its Order dated June 27, 2025 (District Court ECF No. 5), vacate the July 27, 2025 deadline, and

(3)

enter an order extending the deadline to file his opening appellate brief for **ninety (90) days** from the date of this Court's Order, to allow for the comprehensive preparation and filing of his brief, and grant such other and further relief as the Court deems just and proper.

Dated: July 11, 2025

Respectfully submitted,

Charles Elliott Anderson Jr., Pro Se
1205 California Ave. #2
Las Cruces, NM. 88001
585-300-3833
thankyoulord2019@gmail.com



CERTIFICATE OF SERVICE

I hereby certify that on this [Date of Service] day of July, 2025, I caused a true and correct copy of the foregoing-

MOTION FOR RECONSIDERATION OF BRIEFING SCHEDULE AND REQUEST FOR EXTENSION OF TIME TO FILE APPELLATE BRIEF,
to be served on all counsel of record and interested parties via the Court's Electronic Case Filing (ECF) system, which will send notification of such filing to all registered participants.

Charles Elliott Anderson Jr., Pro Se

(4)