UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE: BRANDED OPERATIONS HOLDINGS, INC., Debtor. | 25-CV-5045 (JGLC) |
| CHARLES ELLIOTT ANDERSON, JR., Appellant, -against- PATRICK J. BARTELS, JR., Plan Administrator, and EDGAR C. GENTLE, III, Trustee, Endo PI Trust, Appellees. | **ORDER** |

JESSICA G. L. CLARKE, United States District Judge:

On July 14, 2026, the Court entered a final order affirming three decisions made by the Bankruptcy Court for the Southern District of New York. ECF No. 57. Two days later, on July 16, 2026, the Clerk of Court entered its final judgment for the reasons stated in the Court's opinion and order. ECF No. 58. Appellant Charles Elliott Anderson, Jr. ("Appellant") now moves for an extension of time to file an appeal to the Court of Appeals for the Second Circuit. ECF No. 61. That motion is GRANTED.

"In general, Rule 4(a)(1) of the Federal Rules of Appellate Procedure and 28 U.S.C. § 2107(a) require a party to file a notice of appeal within 30 days of the entry of the judgment or order being appealed." *Stephens v. 3500 Snyder Ave. Owners Corp.*, 548 F. App'x 648, 650 (2d Cir. 2013). However, "[u]nder Federal Rule of Appellate Procedure 4(a)(5), a district court 'may extend the time to file a notice of appeal if . . . th[e] party [seeking an extension] shows excusable neglect or good cause.'" *Alexander v. Saul*, 5 F.4th 139, 142 (2d Cir. 2021);

*see also* 28 U.S.C. § 2107(c). "A Rule 4(a)(5) motion for an extension of time to file a notice of appeal must be filed during the period in which a timely notice of appeal must be filed or within 30 days thereafter." *Hickman v. N.Y.C. Police Dep't.*, No. 25-CV-10304 (LTS), 2026 WL 2044595, at *2 (S.D.N.Y. July 13, 2026) (citing Fed. R. App. P. 4(a)(5)(A)(i)). "These rules apply to an appeal to a court of appeals under 28 U.S.C. § 158(d)(1) from a final judgment, order, or decree of a district court . . . exercising appellate jurisdiction in a bankruptcy case or proceeding under 28 U.S.C. § 158(a) or (b)." Fed. R. App. P. 6(b)(1).

Here, Appellant filed his motion for an extension on September 13, 2026. ECF No. 61. The motion was docketed the next day. *See id.* Appellant's deadline to timely file a notice of appeal—30 days after *either* the Court's order *or* the Clerk's judgment—was August 13, 2026, or August 15, 2026, respectfully. Fed. R. App. P. 4(a)(1)(A). Thirty days following the later of those two deadlines was September 14, 2026. Fed. R. App. P. 4(a)(5)(A)(i). Therefore, Appellant's motion is timely.

Appellant argues that both good cause and excusable neglect justify his tardy filing. ECF No. 61; *see Alexander v. Saul*, 5 F.4th at 142 ("The 'good cause' standard applies when the need for an extension arises from factors outside the control of the movant; the 'excusable neglect' standard applies when the need for an extension results from factors within the movant's control."). Appellant explains that he "is a pro se litigant with a documented . . . Traumatic Brain Injury and other recognized mental limitations that limit[] executive functioning and processing speed." *Id.* He argues that his "medical limitations and permanent brain damage" led to his failure to file a timely notice of appeal. *Id.* A doctor's note appended to a notice of appeal—filed on the same date as his extension motion—confirms Appellant's "history of traumatic brain injury." *See* ECF No. 63 at 11.

Given Appellant's documented brain injury, the Court finds that he has shown good cause to justify extending his deadline to file a notice of appeal. And because "[n]o extension under this Rule 4(a)(5) may exceed 30 days after the prescribed time or 14 days after the date when the order granting the motion is entered, whichever is later," Appellant shall re-file his notice of appeal no later than 14 days from the date of this Order. Fed. R. App. P. 4(a)(5)(C); *see Goode v. Winkler*, 252 F.3d 242 (2d Cir. 2001) (reversing a district court's order that re-arranged the timing of an extension motion and a notice of appeal to find timely the party's filing).

Appellant's motion is GRANTED. The Clerk of Court is respectfully directed to terminate ECF No. 61.

Dated: September 16, 2026
New York, New York

SO ORDERED.

Jessica Clarke

JESSICA G. L. CLARKE
United States District Judge